**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6786**

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

RONNIE D. RAINEY,

> Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, Chief District Judge.  (5:10-cr-00199-D-1)

Submitted:  October 18, 2016          Decided:  October 21, 2016

Before WILKINSON, KING, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ronnie D. Rainey, Appellant Pro Se.  Jason Harris Cowley, Jennifer P. May-Parker, Evan Rikhye, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronnie D. Rainey appeals from the district court's order dismissing his Fed. R. Civ. P. 60(b) motion for reconsideration of the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion and denying his related motions. The court construed the Rule 60(b) motion as a successive § 2255 motion. We have reviewed the record and conclude that Rainey's motion was not a true Rule 60(b) motion, but in substance a successive § 2255 motion. See United States v. McRae, 793 F.3d 392, 399–400 (4th Cir. 2015); see also Gonzalez v. Crosby, 545 U.S. 524, 531–32 (2005) (explaining how to differentiate a true Rule 60(b) motion from an unauthorized successive habeas motion). Rainey is therefore not required to obtain a certificate of appealability to appeal the district court's order. See McRae, 793 F.3d at 400. In the absence of prefiling authorization from this court, the district court lacked jurisdiction to hear Rainey's successive § 2255 motion. See 28 U.S.C. § 2244(b)(3) (2012).

Additionally, we construe Rainey's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

2

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Rainey's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

With respect the district court's denial of Rainey's motions for a copy of its docket and to withdraw his guilty plea, we have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. United States v. Rainey, No. 5:10-cr-00199-D-1 (E.D.N.C. Apr. 28, 2016). We thus affirm the district court's order and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED